UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

ANTHONY M. FRANCO,

                    Petitioner,

        v.                                      9:16-CV-1364
                                                (MAD/ATB)

COLLINS CORRECTIONAL FACILITY, et. al.,

                    Respondents.

─────────────────────────────────

APPEARANCES:                    OF COUNSEL:

ANTHONY M. FRANCO
Petitioner, pro se
P.O. Box 13732
Albany, NY 12212

HON. ERIC T. SCHNEIDERMAN        MATTHEW B. KELLER, AAG
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Petitioner Anthony M. Franco filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  He explained that in May 2016, he was found guilty of violating the terms of

his release to parole after he "relapsed and was arrested for petit larceny" in Oneida County.

Dkt. No. 1, Petition ("Pet.") at 1.[1]  He claims he was improperly sentenced to a "90 day

─────────────────────

[1]  The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

program" at the Willard Drug Treatment Center ("Willard") and, when he voluntarily left the Willard program "[a]fter spending nearly the full 90 days" there, he was then improperly transferred to the Collins Correctional Facility. *Id.* at 1-2, 5, 7. Petitioner also states that his "mental health condition should not warrant a one year period of incarceration." Pet. at 9. Petitioner asks the Court to transfer him from Collins Correctional Facility to a "90 day drug treatment program" or t order his release to parole supervision because he already served "a 7 month sentence[.]" *Id.* at 15.

On February 13, 2017, respondent moved to dismiss the petition on the ground that petitioner failed to exhaust state court remedies or, in the alternative, for an order granting him permission to limit his response to the issue of exhaustion. Dkt. Nos. 8, 8-1, and 8-2. Petitioner opposed the motion in papers dated March 1, 2017. Dkt. No. 10. Respondent filed a reply. Dkt. No. 11.

On April 7, 2017, petitioner updated his address after he was released from custody. Dkt. No. 12, Letter. On April 10, 2017, respondent filed a letter in which argues that because petitioner has been released to post-release supervision, the petition is moot and should be dismissed. Dkt. No. 13, Letter Motion. On April 19, 2017, petitioner was given an opportunity to file a reply to respondent's claim that the petition was moot. Dkt. No. 14. To date, petitioner has not done so.

 For the reasons that follow, respondent's motion to dismiss the petition based on exhaustion is denied as moot, and the petition is dismissed.

## II.    BACKGROUND

In March 2009, petitioner was convicted of third degree robbery in the Oneida County Court. *See* Dkt. No. 8-1 at 7. He was sentenced to serve an indeterminate term of 2 to 4

2

years in prison.  *Id.*  Petitioner does not challenge his conviction or sentence in this petition.  *See* Dkt. No. 1, Pet.

On August 16, 2010, petitioner was released to postrelease supervision.  Dkt. No. 8-1 at 9-10.  On February 4, 2011, petitioner was sentenced, upon his guilty plea to a new charge of attempted second degree burglary, to serve a determinate term of 4 years in prison followed by 5 years post-release supervision.  Dkt. No. 8-1 at 13.  The sentence was ordered to run consecutively with the undischarged portion of the 2009 sentence.  *See id.*  Petitioner was again released to post-release supervision on January 31, 2014.  *See id.* at 15.

In March 2016, petitioner was arrested after he took $30.00 from a bar that belonged to another patron.  Dkt. No. 8-1 at 22-23.  On April 25, 2016, a parole revocation hearing was held based on that incident, and petitioner admitted that he violated the terms of his release.  Dkt. No. 8-1 at 30-33.  The hearing officer imposed a 12-month time assessment, but if petitioner successfully completed a "90-day drug treatment program offered by the NYS Department of Correctional Services," he would be restored to post-release supervision.  *See id.* at 32.  Petitioner agreed, and began the Willard program on June 7, 2016.  Dkt. No. 8-1 at 24.  His expected release date was August 23, 2016.  *See id.*  After poor performance in the program, petitioner accepted an extension of the program until October 4, 2016.  *See id.* at 25.

On August 1, 2016, petitioner voluntarily left the Willard program, stating, "I'd rather just go ... do my time."  Dkt. No. 8-1 at 35.  On August 9, 2016, he was transferred to the Collins Correctional Facility to serve the remainder of his 12-month time assessment.  *Id.* at 15.

Petitioner filed this action in October 2016.  Dkt. No. 1.  On March 23, 2017, he was

3

released to post-release supervision. *See* Dkt. No. 12; http://nysdoccslookup.doccs.ny.gov. (last visited May 19, 2017).

## III.    DISCUSSION

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Linares v. Barkley*, No. 9:09-CV-1191(DNH/RFT), 2010 WL 4962998 at *2 (N.D.N.Y. Oct. 8, 2010) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted)), *adopted* 2010 WL 4955854 (N.D.N.Y. Dec. 1, 2010). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for a petition to be granted. *Spencer*, 523 U.S. at 7.

A challenge to an underlying conviction itself carries the presumption that collateral, adverse consequences exists. *Spencer*, 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'") (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)). But because petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case. *Spencer*, 523 U.S. at 7-8. He must therefore prove the existence of a concrete and continuing injury resulting from his claims that he was improperly placed in the Willard program, and that he was subsequently improperly transferred to a state correctional facility.

4

*Id.* at 7.

Here, petitioner was released to post-release supervision on March 23, 2017. He cannot demonstrate that any concrete collateral consequences exist related to the April 2016 revocation of his post-release supervision because he received the relief he seeks - release from custody. *Butti v. Fischer*, 385 F. Supp. 2d 183, 186 (W.D.N.Y. 2005). There is nothing the Court could do to remedy any improper placement in the Willard drug treatment program, or his transfer to Collins Correctional Facility, because he has been released from state custody. *See, e.g., Reid v. Superintendent, Altona Corr. Fac.*, No. 9:09-CV-0820, 2010 WL 4962990 at *2 (N.D.N.Y. Dec. 1, 2010) ("When the Division of Parole learned that Petitioner was not transferred to a substance abuse treatment program in accordance with its May 30, 2009 Parole Revocation Decision Notice, the ALJ amended its decision and directed that Petitioner be sentenced to time served on the parole revocation and restored to parole 'interests of justice.' Under these circumstances, Petitioner cannot demonstrate an ongoing, concrete injury resulting from DOCS's failure to place him in a substance abuse treatment program in accordance with the original Parole Revocation Decision Notice, and this claim is therefore moot.").

This is also not an instance where the petition remains viable because the challenged conduct by DOCCS officials is "capable of repetition, yet evading review." *United States v. Juvenile Male*, 564 U.S. 932, 938 (2011) (citation omitted); *Spencer*, 523 U.S. at 17. This exception applies only if "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Juvenile Male*, 564 U.S. at 938 (quoting *Spencer*, 523 U.S. at 17) (internal quotation marks omitted; alterations in

original).  Petitioner has not shown that "that the time between parole revocation and expiration of sentence is always so short as to evade review."  *Spencer*, 523 U.S. at 18.  Nor is there any reasonable likelihood that he will again be subject to the same action challenged in his petition.  *Id.*

Based on this analysis, the petition is dismissed as moot. *Spencer*, 523 U.S. at 14-18; *Butti,* 385 F. Supp. 2d at 186-87; *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668 at *3 (N.D.N.Y. Jun. 2, 2016), *adopted by* 2016 WL 3926429 (N.D.N.Y. Jul. 18, 2016); *Reid*, 2010 WL 4962990 at *2-3.  Respondent's motion to dismiss the petition (Dkt. No. 8) is also denied as moot.

IV.    **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that respondent's motion to dismiss the petition for failure to exhaust state remedies, or to limit their response to the issue of exhaustion, Dkt, No. 8, is **DENIED AS MOOT**; and it is

**ORDERED** that the petition for a writ of habeas corpus, Dkt. No. 1, is **DISMISSED AS MOOT**; and it is

**ORDERED** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 22, 2017
       Albany, NY

Mae A. D'Agostino
U.S. District Judge